UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMADOU LAMINE BARRY,

    Plaintiff,

v.

WARDEN DAVID HARDEN, GLADES COUNTY DETENTION CENTER, IN THEIR OFFICIAL CAPACITY; ACTING DIRECTOR JUAN AGUDELO, MIAMI FIELD OFFICE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN THEIR OFFICIAL CAPACITY; SECRETARY KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, IN THEIR OFFICIAL CAPACITY; AND ATTORNEY GENERAL PAMELA BONDI, ATTORNEY GENERAL OF THE UNITED STATES, IN THEIR OFFICIAL CAPACITY;

    Defendants,

Case No. 2:26-cv-65-KCD-DNF

## **ORDER**

    Petitioner Mamadou Lamine Barry is currently detained by immigration authorities at the Glades County Detention Center. He has filed a petition for a writ of habeas corpus challenging his detention and seeking a bond hearing. (Doc. 1.) Alongside that petition, he moves for a temporary restraining order. (Doc. 2.)

Barry asks this Court to intervene immediately. Specifically, he seeks an order stopping the Government from removing him from the United States or transferring him outside this judicial district while his habeas case is pending. (*Id.* at 4.) He apparently worries that if the Government moves him, he will lose the ability to prosecute this case.

These are understandable concerns. But a temporary restraining order is an "extraordinary and drastic remedy." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).[1] To get one, a plaintiff must show he is likely to succeed on the merits, that he will suffer irreparable harm without the order, and that the balance of equities and public interest tilts in his favor. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Barry cannot clear this high bar because the emergency relief he requests is either something this Court has no power to grant or something he does not actually need.

First, consider Barry's request to stop the Government from moving him to a different detention facility. (Doc. 2 at 4.) Barry fears that if he is transferred outside the Middle District of Florida, this Court will lose power over the case.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

That fear, while logical on its face, rests on a misunderstanding of federal jurisdiction. The rule is simple: jurisdiction attaches when the habeas petition is filed. Once a court properly has jurisdiction, it does not lose it simply because the Government decides to move the petitioner to a different jail. *See Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Barry's transfer is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

To the extent Barry asks this Court to pause his removal from the United States entirely, we run into a different problem. The Immigration and Nationality Act strips federal courts of jurisdiction to hear any claim arising from the Attorney General's decision to "commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The Supreme Court has read this provision to mean exactly what it says. It is designed to protect the executive branch's discretion in these specific stages of the deportation process. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

When a petitioner asks for an order staying his deportation, like here, he is asking the court to stop the Government from "executing" a removal order. That is precisely what § 1252(g) forbids us from doing. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021). While

this Court may have jurisdiction to hear Barry's underlying constitutional challenges to his detention, it lacks the power to enter an emergency order blocking the execution of his removal. *See, e.g.*, *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019) ("Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented.").

At bottom, the emergency relief Barry seeks is unavailable or unnecessary. The law either bars this Court from stepping in (as with removal) or makes the requested order pointless (as with transfer). Accordingly, Barry's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**. The case will proceed to a review of the merits of the habeas petition as per the Court's scheduling order. (*See* Doc. 7.)

**ORDERED** in Fort Myers, Florida on January 21, 2026.

Kyle C. Dudek
United States District Judge

4